RANDY LEE TYLER,

        Plaintiff,

    v.                             Case No. 18-cv-149-pp

LT. OKORA,

        Defendant.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 12), DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 13) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

Plaintiff Randy Lee Tyler is in custody at the Milwaukee County House of Correction, and is representing himself. Magistrate Judge William E. Duffin issued an order screening the plaintiff's complaint; the plaintiff had alleged that defendant Lt. Okora forced him to clean human waste without "protective gear or the proper cleaning supplies." Dkt. No. 10 at 3. Judge Duffin decided that he needed more information to determine whether the plaintiff had stated a constitutional claim. He directed the plaintiff to file an amended complaint describing the contaminated area that the defendant allegedly forced him to clean; what supplies, if any, the defendant gave him to clean the feces; and whether he came into contact with the feces. Id. at 5. The plaintiff has filed that amended complaint, dkt. no. 12, which the court screens under 28 U.S.C. §1915A.

Along with his amended complaint, the plaintiff filed a second motion for leave to proceed without prepayment of the filing fee. Dkt. No. 13. The court will deny this motion as moot, because Judge Duffin granted the plaintiff's first motion for leave to proceed without prepayment of the filing fee. (A plaintiff does not have to pay a filing fee for *amending* his complaint—only for filing the original complaint.)

The clerk's office originally assigned this case to Judge Duffin. The law says that magistrate judge may not resolve a civil case unless both parties—the plaintiff and the defendants—agree. Here, the court has not yet ordered the marshals to serve the complaint on the defendant. That means that the defendant does not know the plaintiff has sued him, so he can't agree to Magistrate Judge Duffin resolving the case. For that reason, the clerk's office reassigned the case to this court, an Article III district court judge who can resolve the case without the parties' consent. The court finds that the plaintiff has not stated a constitutional claim, and will dismiss the case.

## I. Screening The Amended Complaint

### A. Federal Screening Standard

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that 1) someone deprived him of a right secured by the Constitution or laws of the United States; and 2) that person was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.     The Plaintiff's Allegations

The plaintiff alleges that on January 9, 2018, defendant Okora forced him to clean up feces "when there are trained people to do so called the Bio-Hazard team." Dkt. No. 12 at 2. The plaintiff says that, in front of another officer, Okora declared that he was not going to call the Bio-Hazard team, and said that if the plaintiff did not clean the feces in the shower, Okora would take away the plaintiff's phone, canteen, visits and recreation privileges. Id. The defendant allegedly gave the plaintiff a spray bottle, two white towels and latex

gloves, and watched him clean up the feces. Id. at 2-3. According to the plaintiff, this occurred during a shift change, and the officers coming in for their shift said that the defendant was wrong for making the plaintiff clean up the feces. Id. at 3. The plaintiff states that he picked up the feces out of the shower and put them in a plastic bag along with the towels, gloves, and pants which were "in the shower that the inmate who defecated on himself (pants) [sic]." Id. The plaintiff alleges that the defendant made him clean up the feces because the defendant wanted to embarrass the plaintiff, and did not want to call the bio-hazard team. Id.

The plaintiff has asked that court order the House of Corrections to fire the defendant, and has asked for $500,000 in damages. Id. at 4.

C.     Analysis

"Jail officials violate the Eighth Amendment if they are deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities,' Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citation omitted), including adequate sanitation and personal hygiene items, *see Rice* [*ex rel. Rice v. Corr. Med. Servs.],* 675 F.3d [650,] 664 [(7th Cir. 2012)]; *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Vinning–El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)." Budd v. Motley, 711 F.3d 840, 842 (7th Cir. 2013). The Eighth Amendment requires prison officials to maintain minimally sanitary and safe prison conditions. Johnson v. Pelker, 891 F.2d 136, 139 (7th Cir. 1989) (quoting DeMallory v. Cullen, 855 F.2d 442, 445 (7th Cir. 1988)). "Prison officials violate their constitutional responsibility to provide inmates with the

4

minimal necessities of life when they disregard over a significant period an inmate's request to be relieved from exposure to human feces." Cobian v. McLaughlin, 717 Fed. App'x 605, 611 (7th Cir. 2017) (citations omitted). Exposure to human waste is not only a health concern but also evokes "the more general standards of dignity embodied in the Eighth Amendment." Wheeler v. Walker, 303 F. App'x 365, 368 (7th Cir. 2008) (quoting DeSpain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001)).

There are cases where courts have found that an inmate's exposure to human waste violates the Eighth Amendment. In Cobian, the Seventh Circuit found that the plaintiff had stated an Eighth Amendment claim when he alleged that he was placed in a segregation cell that had feces from a previous occupant "splashed . . . everywhere"—under the bed, on the window screen near his bed, and around the food port—and that he was unable to completely clean up the fecal matter for the entire month he was in that cell. Cobian, 717 Fed. App'x at 611. The same court reversed the district court's grant of summary judgment for prison guards where the inmate spent six days in a cell with blood and feces on the walls without running water or sanitation supplies. Vinning-El v. Long, 482 F.3d 923, 923-24 (7th Cir. 2007). The Seventh Circuit also reversed a district court's order granting summary judgment in favor of a prison guard who denied the prisoner's requests for cleaning supplies, and the prisoner spent three days in a cell with feces smeared on the walls. Johnson, 891 F.2d at 139-40.

Unlike these extreme exposures, the plaintiff alleges that the defendant ordered him to clean up another inmate's waste on *one* occasion, and that the defendant gave him the cleaning supplies with which to do it. This allegation of a single exposure to human waste, when the plaintiff had the protection of gloves and cleaning supplies, does not constitute a constitutional violation. See Wyland v. Brownfield, 2011 WL 5445305 at *1, *5 (W.D. Pa. Nov. 9, 2011) ("[H]aving to clean a moldy shower with backed up sewage without gloves or a mask on [one] single occasion simply do[es] not give rise to a substantial risk of serious harm or challenge common standards of decency."); Florio v. Canty, 954 F. Supp. 2d 227, 237-39 (S.D. N.Y. 2013) (dismissing complaint alleging toilet flooding and cleanup duty); see also Ortiz v. Dep't of Corr. of City of N.Y., 2011 WL 2638137 at **6-7 (S.D. N.Y. 2011) (collecting cases describing both actionable and non-actionable claims about exposure to human waste).

The plaintiff has not stated a basis for the court to grant the relief he seeks. Even if the court accepts his allegations as true, they do not rise to the level of a violation of his constitutional rights. The court will dismiss the plaintiff's complaint for failure to state a claim.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly

The Clerk of Court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **DENIES AS MOOT** the plaintiff's second motion for leave to proceed without prepayment of the filing fee. Dkt. No. 13.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

In some cases, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to review closely all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 25th day of July, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**